UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACOB HECKMAN,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

18-CV-6032

DECISION & ORDER

---

On January 11, 2018, the plaintiff, Jacob Heckman, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On September 13, 2018, Heckman moved for judgment on the pleadings, Docket Item 10, and on November 12, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 14.

For the reasons stated below, this Court grants Heckman's motion, in part, and denies the Commissioner's cross-motion.

## **BACKGROUND**

### I. PROCEDURAL HISTORY

On August 11, 2014, Heckman applied for Supplemental Security Income benefits. Docket Item 8 at 14. He claimed that he had been disabled since August 11, 2013, due to two ruptured lumbar discs. *Id.* at 154.

On September 12, 2014, Heckman received notice that his application was denied because he was not disabled under the Act. *Id.* at 62. He requested a hearing before an administrative law judge ("ALJ"), *id.* at 74, which was held on October 18, 2016, *id.* at 14. The ALJ then issued a decision on March 8, 2017, confirming the finding that Heckman was not disabled. *Id.* at 26. Heckman appealed the ALJ's decision, but his appeal was denied, and the decision then became final. *Id.* at 4.

## II.  RELEVANT MEDICAL EVIDENCE

The following summarizes the medical evidence most relevant to Heckman's objection. Heckman was examined by several different providers, but only three—Clifford Ameduri, M.D., Seth Zeidman, M.D., and Harbinder Toor, M.D.—are most significant to his claim of disability. Heckman's hearing testimony also is relevant to his objection.

### A.  Clifford Ameduri, M.D.

Clifford Ameduri, M.D., is a physiatrist who saw Heckman twice in a four-year period. Docket Item 8 at 371. Dr. Ameduri completed a medical opinion statement on August 17, 2016, in which he opined that Heckman's prognosis was "poor." *Id.* Specifically, Dr. Ameduri opined that Heckman could not walk even a quarter of a city block without requiring rest or experiencing severe pain. *Id.* at 372. He further opined that Heckman could sit for only 30 minutes at a time and stand for only 15 minutes at a time. *Id.*

### B. Seth Zeidman, M.D.

Seth Zeidman, M.D., is a neurosurgeon who saw Heckman on March 2, 2016. *Id.* at 360. Dr. Zeidman noted that Heckman "sits comfortably" with "[n]o signs of apparent distress." *Id.* at 362.

### C. Harbinder Toor, M.D.

Harbinder Toor, M.D., is an internist who saw Heckman for a consultative examination on August 29, 2014. *Id.* at 249. Dr. Toor opined that Heckman "had moderate limitation standing, walking, and sitting a long time." *Id.* at 252.

### D. Heckman's Hearing Testimony

Heckman testified at his hearing before the ALJ that he is "able to sit for about 30 minutes at a time"; after 30 minutes, he said, he has to stand up and walk around a while to ease his back pain before sitting any longer. *Id.* at 38. He also testified that if he sits for a longer period, such as for an hour, standing up and walking "may not work" and he has to "lay down in order to get any relief at all." *Id.* Heckman testified that he can stand in one spot only for five to ten minutes, and that he can walk only for 30 to 60 minutes before he must sit down. *Id.*

## III. THE ALJ'S DECISION

In denying Heckman's application, the ALJ evaluated Heckman's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment.

§ 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any of the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If a claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that a claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, the ALJ determined at step one that Heckman had not engaged in substantial gainful activity since his alleged disability onset date. Docket Item 8 at 16. At step two, the ALJ found that Heckman had several severe impairments: "thoracic and lumbar degenerative disc disease; obesity; depressive disorder; and anxiety disorder." *Id.* at 16. At step three, the ALJ determined that Heckman did not have an impairment or combination of impairments that meet or medically equal the severity of one of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 17.

At step four, the ALJ reached an extensive and specific RFC. He determined that Heckman could:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight hour day; sit about six hours in an eight hour day; be allowed to stand for one to two minutes after sitting for approximately 60 minutes and be allowed to sit for one to two minutes after standing for approximately 15 minutes; occasionally push and/or pull 10 pounds; occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders/ropes/scaffolds; understand, remember, and carry out simple instructions and tasks; occasionally interact with co-workers and supervisors; little to no contact with the general public; able to work in a low stress work environment (i.e. no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.); and able to consistently maintain concentration and focus for up to two hours at a time.

*Id.* at 19. Finally, at step five, the ALJ found that there are a significant number of jobs in the national economy that Heckman could perform with his RFC, such as a surveillance system monitor or document preparer. *Id.* at 25.

5

Heckman takes issue with the ALJ's highly specific conclusion about sitting and standing: that Heckman must "be allowed to stand for one to two minutes after sitting for approximately 60 minutes and be allowed to sit for one to two minutes after standing for approximately 15 minutes." *Id.* at 19. According to Heckman, this specific limitation in the RFC is not tied to any particular medical evidence in the record and instead is the result of "the ALJ's own surmise." *See* Docket Item 10-1 at 12 (citing *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order)).

## **LEGAL STANDARDS**

When evaluating a decision by the Commissioner, district courts have a narrow scope of review: they are to determine whether the Commissioner's conclusions are supported by substantial evidence in the record and whether the Commissioner applied the appropriate legal standards. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Indeed, a district court **must** accept the Commissioner's findings of fact if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). In other words, a district court does not review a disability determination de novo. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

## **DISCUSSION**

An ALJ must "conduct a distinct analysis that would permit adequate review on appeal," *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013), and each of the ALJ's conclusions must be supported by relevant medical evidence, *see Talavera*, 697

6

F.3d at 151. "[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y. of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)); *see also Fuller v. Astrue*, 2010 WL 3516935, at *5 (W.D.N.Y. Sep. 7, 2010) ("[A]n ALJ is not free to substitute his own lay opinion for opinions from treating sources."). When an ALJ does "not connect the record evidence and RFC findings" or otherwise "explain how the record evidence supported his RFC findings," the decision leaves the court "with many unanswered questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018).

A very specific RFC assessment—such as the specific amount of time a claimant can spend on certain activities—must be based on evidence in the record, not on "the ALJ's own surmise." *Cosnyka v. Colvin*, 576 Fed.App'x. 43, 46 (2d Cir. 2014) (summary order); *see also Mariani v. Colvin*, 576 Fed. Appx. 8, 10 (2d Cir. 2014) (summary order) (holding that RFC to perform manipulation/fingering 50% of the time during a work day was not supported by substantial evidence). So when the record provides no support for the specific amount of time that a claimant can sit or stand without relief, a specific finding toward that end is not supported by substantial evidence. *See, e.g.*, *Tomicki v. Berryhill*, 2018 WL 703118, at *5 (W.D.N.Y. Jan. 11, 2018) ("[T]he record does not support the ALJ's conclusion that she needs to briefly switch between sitting and standing only every thirty minutes. . . . Moreover, there is evidence in the record indicating that Tomicki needs to change positions every few minutes, not every thirty minutes."). Without "some explanation" from the ALJ "as to the tether between her RFC and the non-stale medical opinions or statements from plaintiff, the RFC [is] based upon

7

her lay analysis of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018).

Here, the ALJ's specific finding that Heckman "be allowed to stand for one to two minutes after sitting for approximately 60 minutes and be allowed to sit for one to two minutes after standing for approximately 15 minutes" is not supported by any evidence in the record. Docket Item 8 at 19. In an effort to suggest otherwise, the Commissioner points to Dr. Toor's opinion that Heckman was moderately limited in standing, walking, and sitting only for "a long time." *Id.* at 249. But that opinion says nothing about **how long** Heckman could sit or stand without moving. *See id.* at 252. Likewise, Dr. Zeidman's note that Heckman "sits comfortably" does not opine on **how long** Heckman can "sit[] comfortably" or stand. *Id.* at 362.

At best, then, the ALJ's conclusion comes from whole cloth. Even worse, however, there is evidence in the record that actually contradicts the ALJ's determination that Heckman can sit for 60 minutes before he must stand up. At his hearing, Heckman testified that he had to "stand up" and "generally walk around a while" after sitting "for about **30 minutes** at a time." *Id.* at 38 (emphasis added). According to Heckman, the pain he experienced after sitting for an hour could not be relieved simply by standing up or walking; he had to "lay [sic] down in order to get any relief at all." *Id.* And even if the ALJ appropriately questioned Heckman's credibility, Dr. Ameduri opined that Heckman could sit for only 30 minutes before he needed to get up. *Id.* at 372. Moreover, while Dr. Ameduri's opinion may support the ALJ's other finding— that Heckman could stand for 15 minutes before needing to sit, *id.*—the ALJ assigned

8

that portion of the opinion only little weight, *id.* at 23, and Dr. Ameduri does not suggest that sitting for one to two minutes after standing for fifteen would be enough, *id.* at 373.

The Commissioner argues that in weighing the evidence, the ALJ may discount that which he does not find credible. Docket Item 14-1 at 21-23. But in weighing evidence, the ALJ cannot arrive at specific limitations that do not appear anywhere in that evidence. *See McBrayer*, 712 F.2d at 799 (2d Cir. 1983) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.").

The Commissioner also argues that an "RFC finding is not defective merely because it does not perfectly correspond with a particular medical opinion." *See* Docket Item 14-1 at 21, citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). And the Commissioner is correct that when the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation. *See, e.g.*, *Palistrant v. Comm'r of Soc. Sec.*, 2018 WL 4681622 (W.D.N.Y. Sep. 28, 2018) (holding that claimant's testimony that he had to alternate between sitting and standing every 20-30 minutes and general treatment notes about sitting and standing limitations supported RFC that the claimant be able to alternate between sitting and standing every half hour); *Bryant v. Berryhill*, 2017 WL 2334890, at *4 (W.D.N.Y. May 30, 2017) (holding that "several refences in the record," including the claimant's conflicting reports about the length of time he could sit or stand—some indicating 10 to 15 minutes at a time and others indicating 30 minutes at a time—allowed the ALJ to "reasonably conclude[] that [claimant] could sit for 30 minutes and stand for 15 minutes"). But as noted above, that is not the case here. Indeed, at least one specific

9

limitation here not only is absent from the record, it actually contradicts the opinion of a medical provider.

If Heckman can, in fact, sit for 60 minutes before moving, or if a minute or two sitting will be enough rest after standing 15 minutes, these determinations must come from medical evidence or opinions in the record, not the ALJ's "own surmise." *Cosnyka*, 576 F. App'x. at 46. Therefore, the case is remanded so that the ALJ can reconsider these specific limits in his RFC determination or develop the record by recontacting Heckman's physicians to obtain evidence supporting these specific limitations.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 14, is DENIED, and Heckman's motion for judgment on the pleadings, Docket Item 10, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   April __4__, 2019
          Buffalo, New York


　　　　　　　　　　　　　　　　　　　　*s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE